IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN GARRETT GREEN,

    Plaintiff,                                  Case No. _____

v.

SOUTHERN POVERTY LAW CENTER,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, SOUTHERN POVERTY LAW CENTER, INC. (hereinafter "SPLC") removes this action from the Circuit Court for the First Judicial Circuit, in and for Escambia County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division. As grounds for removal and for no other purpose, SPLC states the following:

**RELEVANT BACKGROUND**

1. On or about April 16, 2025, Plaintiff Jonathan Garrett Green filed an Amended Complaint in the Circuit Court for the First Judicial Circuit, in and for Escambia County, Florida, captioned *Jonathan Garrett Green v. Southern Poverty Law Center,* Case No. 2025-CA-000363 (the "State Court Action").

2. SPLC was served with the Summons and Amended Complaint in the State Court Action on August 12, 2025.

3. SPLC now removes this action, wherein Plaintiff seeks $1,000,000 in disputed damages. The action is between diverse parties and purports to set forth claims that sound solely in federal law. Based on the foregoing and as set forth below, removal is proper.

## REMOVAL STANDARD

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution laws, or treaties of the United States." 28 U.S.C. § 1331.

6. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332.

## PAPERS FROM REMOVED ACTION

7. In accordance with 28 U.S.C. §1446(a), a copy of the entire court file in the State Court Action, including all pleadings and papers that have been filed and served on SPLC in the State Court Action, is attached to this Notice of Removal as Exhibit A.  Plaintiff has not served upon SPLC any other process, pleadings, or orders.

## REMOVAL IS TIMELY

8. SPLC is filing this Notice of Removal within thirty (30) days after service of the Summons and Amended Complaint.  The date on or before which SPLC is required by law to remove this action is September 11, 2025.  Therefore, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

## VENUE IS PROPER

9. The Circuit Court for the First Judicial Circuit, in and for Escambia County, Florida, is located within the Northern District of Florida.  Thus, venue is proper in this Court

because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. §1441(a).

### REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

10. This Court has original jurisdiction over Plaintiff's State Court Action because in Plaintiff's Amended Complaint, Plaintiff asserts claims against SPLC for purported civil rights violations under 42 U.S.C. § 2000e and purported disability discrimination under 42 U.S.C. § 12112-12117 and The Rehabilitation Act of 1973, Section 504.  In fact, Plaintiff invokes these laws as the "basis for jurisdiction" in his Amended Complaint.

11. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Therefore, removal of this matter on federal question grounds is proper.

### REMOVAL BASED ON COMPLETE DIVERSITY JURISDICTION

12. Removal of this action is also proper on diversity of citizenship grounds.  Indeed, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 where (1) there is complete diversity between the parties to the action; and (2) the alleged amount in the controversy exceeds $75,000.  Both elements are present here.

    a.    **Citizenship of Different States**

12. At all relevant times, Plaintiff has been a resident of the State of Florida. (*See* Exhibit A, Amended Complaint).

13. SPLC is headquartered and incorporated in the state of Alabama, with its principal place of business at 400 Washington Avenue, Montgomery, AL 36104. (*See* Exhibit B, Florida Division of Corporations Detail by Entity Name).

### b. The Amount in Controversy Exceeds $75,000

14. For jurisdiction to be proper under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

15. Plaintiff's Amended Complaint alleges that the purported amount in controversy exceeds $75,000. Specifically, Plaintiff seeks $1,000,000 in total damages. (*See* Exhibit A, Amended Complaint, ¶ VI).

### c. Complete Diversity Exists Between Plaintiff and Defendant

16. Based on the foregoing, complete diversity exists and still exists among the parties at the time this Notice of Removal is being filed.

### FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action will be promptly served on Plaintiff.

18. Attached to this Notice as Exhibit C is a copy of SPLC's Notice of Filing Notice of Removal, which is being contemporaneously filed in the First Judicial Circuit in and for Escambia County, Florida.

19. The undersigned counsel is authorized by SPLC to file this Notice of Removal, is licensed to practice law in the state of Florida and is a member in good standing of this Court.

WHEREFORE, SOUTHERN POVERTY LAW CENTER, INC., hereby removes the above-captioned action from the Circuit Court of the First Judicial Circuit in and for Escambia

County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted on September 2, 2025.

*/s/ LaKisha M. Kinsey-Sallis*
LaKisha M. Kinsey-Sallis, Esq.
Florida Bar No. 078265
Shannon E. Murphy, Esq.
Florida Bar No. 1048855
FISHER & PHILLIPS, LLP
401 E. Jackson Street, Suite 3100
Tampa, Florida 33602
Telephone: (813) 769-7500
Facsimile: (813) 769-7501
Email:  lkinsey-sallis@fisherphillips.com
          semurphy@fisherphillips.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed on September 2, 2025, via the Court's electronic filing system and also was served to all parties as follows:

Jonathan Green
1616 N. Reus Street
Pensacola, FL 32501
Email: j.garrettgreen@gmail.com
Phone: (850) 261-6768
*Pro Se Plaintiff*
*Served via email and U.S. regular mail*

*/s/LaKisha M. Kinsey-Sallis*
Attorney

5