# EXHIBIT A

**2025 CA 000363 - GREEN, JONATHAN GARRETT vs. SOUTHERN POVERTY LAW CENTER**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** [ N-CIVIL ] FRYDRYCHOWICZ, JENNIFER J | **Case Type:** DISCRIMINATION | **Status:** OPEN |
| **Case Number:** 2025 CA 000363 | **Uniform Case Number:** 172025CA000363XXXAXA | |
| **Clerk File Date:** 3/18/2025 | **Status Date:** 3/18/2025 | |
| **SAO Case Number:** | **Total Fees Due:** 0.00 | |
| **Agency:** | **Agency Report #:** | **Custody Location:** |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY | |
|---|---|---|---|
| PLAINTIFF | GREEN, JONATHAN GARRETT | | 🔺 LOCKETT, LEIGHANNE E (Main Attorney) |
| DEFENDANT | SOUTHERN POVERTY LAW CENTER | | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

## CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
|---|---|---|---|---|---|---|
| | | | No Additional Cases | | | |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| 📄 1 | 7/24/2025 | ORDER EXTENDING TIME TO EFFECTUATE SERVICE ON DEFENDANT, OR DISMISSAL |
| 📄 1 | 5/15/2025 | ORDER REGARDING REQUIRED REPORTING |
| 📄 1 | 5/15/2025 | SUMMONS ISSUED |
| 📄 1 | 5/15/2025 | AFFIDAVIT OF INDIGENT STATUS FILED WITH CLERK DETERMINING THAT APPLICANT IS INDIGENT |
| 📄 1 | 5/15/2025 | PLAINTIFF'S REQUEST FOR SUMMONS |
| 📄 1 | 4/16/2025 | AMENDED: EMPLOYMENT DISCRIMINATION COMPLAINT UNDER 42 U.S.C. 2000E, ET SEQ., (TITLE VII OF THE CIVIL RIGHTS ACT); 42 U.S.C. 12112, ET SEQ., (AMERICANS WITH DISABILITIES ACT); REHABILITATION ACT OF 1973; WRONGFUL TERMINATION; BREACH OF CONTRACT & RETALIATION |
| 📄 1 | 4/16/2025 | NOTICE OF PLAINTIFF ATTORNEY'S INTENT TO FILE WITHDRAWAL FOR EMERGENT NEEDS & PLAINTIFF CONTINUING AS PRO SE LITIGANT |
| 📄 1 | 3/23/2025 | CIVIL CASE MANAGEMENT ORDER -- GENERAL TRACK |
| 📄 1 | 3/20/2025 | ORDER REGARDING REQUIRED REPORTING |
| 📄 1 | 3/20/2025 | SUMMONS ISSUED |
| 📄 1 | 3/19/2025 | PAYMENT $410.00 RECEIPT #2025021120 |
| | 3/19/2025 | PLAINTIFF'S ATTORNEY: LOCKETT, LEIGHANNE E ASSIGNED |
| | 3/19/2025 | FRYDRYCHOWICZ, JENNIFER J: ASSIGNED |
| 📄 1 | 3/18/2025 | COMPLAINT - UNSIGNED |
| Request | 3/18/2025 | COVERSHEET |
| | 3/18/2025 | CASE FILED 03/18/2025 CASE NUMBER 2025 CA 000363 |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**


**EMPLOYMENT DISCRIMINATION COMPLAINT UNDER 42 U.S.C. § 2000e, *et seq.*,**
**(Title VII of the Civil Rights Act);**
**42 U.S.C. § 12112, *et seq.*, (Americans with Disabilities Act); REHABILITATION ACT of**
**1973; WRONGFUL TERMINATION; BREACH OF CONTRACT; & RETALIATION**


**Jonathan Garrett Green**

**Plaintiff**


**Case Number:_____**


**v.**


**Jury Trial Requested**


**Southern Poverty Law Center et. al**

**Defendant**


    **I.**    **PARTIES TO THIS COMPLAINT**

        a.  Plaintiff

1

  1. **Jonathan Garrett Green**

   Address: 1616 North Reus Street,

   Pensacola, Florida 32501

   Telephone: 850.261.6768

 b. Defendant

  1. **Southern Poverty Law Center**

   Address: 400 Washington Avenue,

   Montgomery, AL 36104

## II. BASIS FOR JURISDICTION

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e - § 2000e-17 (race, color, gender, religion, national origin

Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C.§ 12112 to § 12117.

The Rehabilitation Act of 1973, Section 504 prohibits discrimination against qualified individuals with disabilities in programs and activities receiving federal financial assistance. In addition to violations of federal and state employment, labor, and contracting laws.

## III. STATEMENT OF CLAIM

The Defendant has engaged in a discrimination, wrongful termination, and retaliation against the Plaintiff. These violations have affected the Plaintiff through lost wages and earnings, extreme emotional distress, and undue harm as a result of the Defendant and its employees' actions.

2

The Defendant (or its agents) knew or should have known of the mental health conditions of the Plaintiff. The Plaintiff attempted to go through a grievance process through his employment's Union, to address matters with his direct supervisor. As a result of the grievance attempts with the SPLC Union, the Plaintiff sought short-term disability for his mental health conditions being exacerbated by the Defendant-Employer and its agents. Plaintiff was terminated while not being allowed reasonable time for reasonable accommodations to be provided. In addition to the retaliatory termination of employment by his direct supervisor.

a. The discriminatory conduct at issue includes:

1. Termination of Employment;

2. Failure to accommodate disability;

3. Unequal terms and conditions of employment (breach of employment contract); and

4. Retaliation.

b. The last occurrence of the discriminatory act occurred at termination on July 10, 2024.

c. Plaintiff was employed from or around September 25, 2023 through July 10, 2024.

d. The location where Plaintiff was employed was "remote-local," meaning he worked remotely from home at 1616 North Reus Street, Pensacola, Florida, 32501, and his headquartered (remote) work location in Montgomery, Alabama at 400 Washington Avenue, Montgomery, Alabama.

**IV.    EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

a. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission **December 16, 2024.**

b. Respondent(s) named on the charging document were:

    1. **Twyla Williams**

    2. **Bridget McNamee**

c. **The Equal Employment Opportunity Commission Issued a Notice of Right to Sue letter** which was received on **December 18, 2024.**

d. As claimed in the Equal Employment Opportunity Commission charging document, Defendant discriminated against Plaintiff because of Plaintiff's:

    1. Disability;

    2. Retaliation; and

    3. Breach of Employment Contract.

e. Defendant denied a disability-related accommodation because defendant terminated Plaintiff-Employee prior to the Plaintiff-Employee attending the scheduled doctor's appointed, as requested by the employer, to have the accommodations paperwork completed.

f. The facts of Section III no longer being committed by Defendant against Plaintiff.

g. Plaintiff no longer works for Defendant.

## V.   RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court intervene to remedy the violations of his constitutional rights perpetrated by Defendants against Plaintiff, including acts of ADA discrimination, wrongful termination, breach of employment contract, and retaliation. The Plaintiff seeks $1 million, in total damages, for:

4

- Compensatory damages for lost wages earning, benefits, emotional distress, and any other financial harm suffered due to the Defendant's unlawful actions;

- Costs and attorney's fees incurred in pursuing this litigation; and

- Punitive damages, as deemed appropriate by the Court.

## VI.   CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: _____   Attorney's Signature:_____
Printed Name of Attorney: Leigh Anne Lockett
E-Mail Address: TheLockettFirm@gmail.com
Telephone Number: 662.202.5151

5

### IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**JONATHAN GREEN**

      PLAINTIFF,

Vs.

      CASE NO:  **2025 CA 000363**

      DIVISION:  **N-CIVIL**

**SOUTHERN POVERTY LAW CENTER**

      DEFENDANT,

### SUMMONS

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **SOUTHERN POVERTY LAW CENTER  400 WASHINGTON AVENUE MONTGOMERY, AL 36104**

Each defendant is hereby required to serve written defenses to said complaint on

      plaintiff's attorney(s), whose address is

      **LEIGHANNE E LOCKETT**
      **314 S BAYLEN ST STE 101**
      **PENSACOLA, FL 32502**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **20th day of March, 2025**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _____

      Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

**JONATHAN GREEN**

            Plaintiff,                          CASE NO.:    **2025 CA 000363**

VS.                                      DIVISION:    **N-CIVIL**

**SOUTHERN POVERTY LAW CENTER**
        Defendant(s),

## ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2024-25, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** complete the following matters:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2024-25; and

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service ("Notice") with the Court that includes the following:

   a. a statement that the last of all named Defendants to be served has been served;

   b. the date of said service;

   c. a proposal as to whether the case should be designated as complex under Florida Rule of Civil Procedure 1.201, streamlined, or general as defined in Florida Rule of Civil Procedure 1.200;

   d. a statement as to whether the Defendant concurs in the proposed case designation; and

3. Upon filing the Notice required in paragraph 2, the Plaintiff shall also serve a copy of the Notice to the **assigned** Judge's judicial assistant via the Proposed Documents function of the ePortal.

**Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.**

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 20th day of March, 2025

/s/ John F. Simon

John F. Simon
ADMINISTRATIVE JUDGE
ESCAMBIA COUNTY

Filing # 219407748 E-Filed 03/23/2025 10:00:06 PM

IN THE CIRCUIT COURT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

Case Number: 2025 CA 000363
Division: N-CIVIL

JONATHAN GREEN,
Plaintiff(s),

V.

SOUTHERN POVERTY LAW CENTER,
Defendant(s).

_____/

## CIVIL CASE MANAGEMENT ORDER – GENERAL TRACK

Pursuant to Florida Rule of Civil Procedure 1.200, the Court finds this case should be assigned to a general case management track. Pursuant to Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B), the expected completion date of a jury case is 18 months from the date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first. The initial complaint was filed on March 18, 2025. The following terms and deadlines shall apply in this case:

| Case Deadlines and Events: | | |
|---|---|---|
| **Deadline or Event** | **Party (if applicable)** | **Date** |
| Deadline for service of complaints: 120 days after the complaint is filed | | July 16, 2025 |
| Deadline for service under extensions: 180 days after the complaint is filed | | September 14, 2025 |
| Deadline for addition of new parties: 210 days after the complaint is filed | | October 14, 2025 |
| Deadline to complete fact discovery: 420 days after the complaint is filed | Plaintiff(s): | May 12, 2026 |
| | Defendant(s): | May 12, 2026 |
| Deadline to complete expert discovery: 450 days after the complaint is filed | Plaintiff(s): | June 11, 2026 |
| | Defendant(s): | June 11, 2026 |
| Deadline for filing and service of motions for summary judgment: 120 days before trial. A motion for summary judgment must comply with rule 1.510(b) and be resolved no later than 30 days before trial. | | |

| | |
|---|---|
| Deadline for all objections to pleadings to be resolved: within 75 days after the objection is filed and no later than 45 days before the pretrial conference. | |
| Deadline for all pretrial motions to be resolved (excluding motions for summary judgment): within 60 days after the motion is filed and no later than the Friday before the trial week | |
| Deadline for alternative dispute resolution including mediation (if ordered) to have occurred: 450 days after the complaint is filed | June 11, 2026 |
| Projected date of trial: 18 months after the complaint is filed (As the case proceeds, a firm trial date will be determined and ordered by the presiding judge.) | September, 2026 |

Within 20 days of filing any motion for which a hearing is required, **the moving party must contact the presiding judge's office to set the motion for hearing**.

Motions to continue trial are disfavored and should rarely be granted and then only upon good cause shown. Any motion to continue a trial date must comply with rule 1.460.

The schedule of deadlines herein will be **strictly enforced by the court** unless change is otherwise agreed to by the parties and approved by the Court. Notices of unavailability have no effect on the deadlines set by the case management order. If a party is unable to comply with a deadline in a case management order, the party must take action consistent with rule 1.200. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency or unavailability. Procrastination in completing discovery or the unavailability of counsel will not constitute good cause for a change to these deadlines.

**It is ORDERED** that all parties shall abide by the terms of this Order. **Dilatory conduct will not be tolerated by this Court**, and failure by a party to follow the deadlines in this Order may result in the imposition of sanctions.

**DONE AND ORDERED** in ESCAMBIA COUNTY, FLORIDA

03/23/2025 12:28:37
2025 CA 000363

signed by CIRCUIT COURT JUDGE JENNIFER J FRYDRYCHOWICZ  03/23/2025 12:28:37 envTaWMR

CIRCUIT JUDGE

**In cases wherein one party is unrepresented (pro se), it is the responsibility for the sole attorney in the case to serve within five business days this Order/Judgment upon any pro se party who does not have access to and is not a registered user of the Florida Courts e-Filing Portal.**

Copies:
Leighanne Lockett <thelockettfirm@gmail.com>

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA**

Case No.: **2025 CA 000363**

**JONATHAN GARRETT GREEN,**
        **Petitioner/Pro Se Litigant,**

**and**
                                                 **IN-PERSON**
                                            **JURY TRIAL REQUESTED**

**SOUTHERN POVERTY LAW CENTER, et. al,**
        **Defendant.**

### NOTICE OF PLAINTIFF ATTORNEY'S INTENT TO FILE WITHDRAWAL FOR EMERGENT NEEDS & PLAINTIFF CONTINUING AS PRO SE LITIGANT

The undersigned pro se litigant (same as Petitioner/Plaintiff) hereby files this Notice of Plaintiff Attorney's Intent to File Withdrawal of Notice based on personal and emergent needs. Petitioner/Plaintiff intends to continue the matter as a Pro Se Litigant. The Attorney of Record is Leigh Anne Lockett, Esq.

Plaintiff's Attorney of Record is preparing proper Notice of Withdrawal, to comply with ethical requirements. Plaintiff/Pro Se Litigant has filed this notice under his own will and accord, as courtesy for the Plaintiff's Attorney of Record, and as to file the Amended Petition, subsequent.

Date: _16-APR-2025_      Pro Se Litigant Signature:_____
Printed Name of Pro Se Litigant: Jonathan Garrett Green
E-Mail Address: j.garrettgreen@gmail.com
Telephone Number: 850.261.6768

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the below named via e-mail service on this 16th day of April, 2025.

**Southern Poverty Law Center** (Defendant/Respondent)
Counsel for Defendant(s): **Twyla Williams** (twyla.williams@splcenter.org) &
**Bridget McNamee** (bridget.mcnamee@splcenter.org)

_____
Jonathan Green (pro se) – Filer's Signature
1616 N. Reus St., Pensacola, FL 32501
850.261.6768
j.garrettgreen@gmail.com

1

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, IN AND FOR ESCAMBIA COUNTY, FLORIDA**

Case No.: **2025 CA 000363**

**JONATHAN GARRETT GREEN,**
      **Petitioner/Pro Se Litigant,**

**and**
                                                  **IN-PERSON**
                                           **JURY TRIAL REQUESTED**

**SOUTHERN POVERTY LAW CENTER, et. al,**
      **Defendant.**

**AMENDED: EMPLOYMENT DISCRIMINATION COMPLAINT UNDER 42 U.S.C. §2000e, _et seq._, (Title VII of the Civil Rights Act); 42 U.S.C. § 12112, _et seq._, (Americans with Disabilities Act); REHABILITATION ACT of 1973; WRONGFUL TERMINATION; BREACH OF CONTRACT; & RETALIATION**

**PARTIES TO THIS COMPLAINT:**

    a.   Petitioner/Plaintiff/Pro Se Litigant

        1.  **Jonathan Garrett Green**

            Address: 1616 North Reus Street,

            Pensacola, Florida 32501

            Telephone: 850.261.6768

    b.   Defendant

        1.  **Southern Poverty Law Center**

            Address: 400 Washington Avenue,

            Montgomery, AL 36104

## II.    BASIS FOR JURISDICTION

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e - § 2000e-17 (race, color, gender, religion, national origin).

Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C.§ 12112 to § 12117.

1

The Rehabilitation Act of 1973, Section 504 prohibits discrimination against qualified individuals with disabilities in programs and activities receiving federal financial assistance. In addition to violations of federal and state employment, labor, and contracting laws.

## III.    STATEMENT OF CLAIM

The Defendant has engaged in a discrimination, wrongful termination, and retaliation against the Plaintiff. These violations have affected the Plaintiff through lost wages and earnings, extreme emotional distress, and undue harm as a result of the Defendant and its employees' actions.

The Defendant (or its agents) knew or should have known of the mental health conditions of the Plaintiff.  The Plaintiff attempted to go through a grievance process through his employment's Union, to address matters with his direct supervisor.  As a result of the grievance attempts with the SPLC Union, the Plaintiff sought short-term disability for his mental health conditions being exacerbated by the Defendant-Employer and its agents. Plaintiff was terminated while not being allowed reasonable time for reasonable accommodations to be provided.  In addition to the retaliatory termination of employment by his direct supervisor.

    a. The discriminatory conduct at issue includes:

        1. Termination of Employment;

        2. Failure to accommodate disability;

        3. Unequal terms and conditions of employment (breach of employment contract); and

        4. Retaliation.

    b. The last occurrence of the discriminatory act occurred at termination on July 10, 2024.

    c. Plaintiff was employed from or around September 25, 2023 through July 10, 2024.

    d. The location where Plaintiff was employed was "remote-local," meaning he worked remotely from home at 1616 North Reus Street, Pensacola, Florida, 32501, and his

2

headquartered (remote) work location in Montgomery, Alabama at 400 Washington

Avenue, Montgomery, Alabama.

## IV.    EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

a.    Plaintiff filed charges against Defendant with the Equal Employment Opportunity

Commission **December 16, 2024.**

b.    Respondent(s) named on the charging document were:

   1.    **Twyla Williams**

   2.    **Bridget McNamee**

c.    **The Equal Employment Opportunity Commission Issued a Notice of Right to Sue**

**letter** which was received on **December 18, 2024.**

d.    As claimed in the Equal Employment Opportunity Commission charging document,

Defendant discriminated against Plaintiff because of Plaintiff's:

   1.    Disability;

   2.    Retaliation; and

   3.    Breach of Employment Contract.

e.    Defendant denied a disability-related accommodation because defendant terminated

Plaintiff-Employee prior to the Plaintiff-Employee attending the scheduled doctor's

appointed, as requested by the employer, to have the accommodations paperwork

completed.

f.    The facts of Section III no longer being committed by Defendant against Plaintiff.

g.    Plaintiff no longer works for Defendant.

## V.    Case Law

a.    Rhoads v. F.D.I.C., 257 F.3d 373 (2001).

   In Rhoads v. F.D.I.C., the plaintiff brought action against her former employer,

claiming violations under the ADA and FMLA after being terminated. The court granted

3

summary judgment in favor of the employer, ruling that the plaintiff was not disabled under the ADA and that there were no genuine issues of material fact regarding her retaliation claim. This case is significant for Petitioner/Pro Se Litigant Green as it highlights the importance of proving disability status and establishing a causal link between protected activities and adverse employment actions. Unlike Rhoads, Petitioner/Pro Se Litigant Green's case includes allegations of a clear retaliatory pattern following his requests for accommodations, which may strengthen his argument that he was subjected to discrimination based on his disability.

b.  Sulima v. Tobyhanna Army Depot, 602 F.3d 177 (2010).

In Sulima v. Tobyhanna Army Depot, the court affirmed summary judgment against the plaintiff, who claimed he was discriminated against because he was regarded as disabled. The court found that the employer's actions did not reflect a belief that the employee was disabled. Petitioner/Pro Se Litigant Green's case contrasts with Sulima's in that he has documented his employer's knowledge of his mental health issues and the specific actions taken that could demonstrate a failure to accommodate his disability. Petitioner/Pro Se Litigant Green's proactive engagement in grievance processes may substantiate his claims against the SPLC, showing a more direct correlation between his disability and the adverse actions taken against him.

c.  Pope v. ABF Freight System, Inc., 2018 WL 3551528 (U.S. West. Dist., N.C. 2018).

In Pope v. ABF Freight System, Inc., the plaintiff alleged discrimination based on race and disability, claiming retaliation for seeking union assistance. The court denied part of the motion to dismiss, allowing the retaliation claim to proceed based on the causal connection between his protected activities and the termination. This case supports

4

Petitioner/Pro Se Litigant Green's position by illustrating that a plaintiff can successfully argue retaliation even under challenging circumstances. Petitioner/Pro Se Litigant Green's claims of retaliation for his attempts to seek reasonable accommodations and his engagement with the union may align closely with Pope's experiences, potentially providing a strong basis for his claims.

d.  Hughes v. State, 901 So.2d 837 (Fla. 2005).

In Hughes v. State, the court ruled that the decision in Apprendi v. New Jersey does not apply retroactively, which impacted the defendant's appeal regarding sentencing. This case primarily addresses procedural issues rather than employment discrimination. However, it emphasizes the significance of definitive legal standards and their application. For Petitioner/Pro Se Litigant Green, the procedural clarity regarding the definition of disability and the employer's obligations under the ADA is crucial in framing his arguments for why he should prevail. His claims rest on established federal guidelines that protect employees from discrimination based on their disabilities, which are well-articulated and supported by existing case law.

## VI.    RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court intervene through in-person jury trial, to remedy the violations of his constitutional rights perpetrated by Defendants against Plaintiff, including acts of ADA discrimination, wrongful termination, breach of employment contract, and retaliation. The Plaintiff seeks $1 million, in total damages, for:

- Compensatory damages for lost wages earning, benefits, emotional distress, and any other financial harm suffered due to the Defendant's unlawful actions;

- Costs and attorney's fees incurred in pursuing this litigation; and

5

- Punitive damages, as deemed appropriate by the Court.

## VII.  CERTIFICATION

As required by federal and state laws, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of federal and state rules.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: __16-April-2025__     Pro Se Litigant Signature:_____*Jonathan G. Green*_____
Printed Name of Pro Se Litigant: Jonathan Garrett Green
E-Mail Address: j.garrettgreen@gmail.com
Telephone Number: 850.261.6768

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the below named via e-mail service on this 16th day of April, 2025.

**Southern Poverty Law Center** (Defendant/Respondent)
Counsel for Defendant(s): **Twyla Williams** (twyla.williams@splcenter.org) &
**Bridget McNamee** (bridget.mcnamee@splcenter.org)

_____*Jonathan G. Green*_____
Jonathan Green (pro se) – Filer's Signature
1616 N. Reus St., Pensacola, FL 32501
850.261.6768
j.garrettgreen@gmail.com

6

Jonathan Green
Petitioner/Pro Se Litigant

V.

Case# 2025 CA 000363

Southern Poverty Law Center et. al,
Defendant.

Request for Summons

Parties to Complaint
(1.) Petitioner/Plaintiff/Pro Se Litigant:
(a.) Jonathan Garrett Green
Address: 1616 N, Rens St
Pensacola, FL 32501
Phone: 850.261.6768

(2.) Defendant:
(a.) Southern Poverty Law Center: Attention - Twyla Williams
Address: 400 Washington Ave.         Bridget McNamee
Montgomery, AL 36104

Jonathan Green
Pro Se/Petitioner

PAM CHILDERS
CLERK & COMPTROLLER
FILED
2025 MAY 15 P 12:08
ESCAMBIA COUNTY, FL

IN THE CIRCUIT/COUNTY COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA

_Jonathan Garrett Green_
Plaintiff/Petitioner or In the Interest of

_Southern Poverty Law Center_ VS.
Defendant/Respondent

CASE NO: _2025 CA 363_

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable up to 1 year in jail or up to $1,000 in fines, as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information provided on this application is true and accurate to the best of my knowledge.**

Signed on _May 15th_ , 20_25_.

_1986_          _370-0_

Year of Birth      Last 4 digits of Driver License or ID Number,
Email address: _~~Boy6~~ J. GarrettGreen@gmail.com_

Signature of Applicant for Indigent Status

Print Full Legal Name: _Jonathan Garrett GREEN_
Phone Number/s: _850-261-6768_

Address: Street, City, State, Zip Code

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have _2_ **dependents.** *(Do not include children not living at home and do not include a working spouse or yourself.)*

2. **My take home pay is $** _800_ **paid** ☐ weekly ☐ every two weeks ☐ semi-monthly ☒ monthly ☐ yearly ☐ other *Include cash payments. Include only your "net" pay. Your take home pay (net income) is your total salary and wages minus deductions required by law, including court-ordered support payments.*

3. **I have other income paid** ☐ weekly ☐ every two weeks ☐ semi-monthly ☐ monthly ☐ yearly ☒ other _Contract perhaps~12 mos_
*(Check "Yes" and fill in the amount if you have this kind of income, otherwise check "No"*

| | | |
|---|---|---|
| Social Security benefits ☐ Yes $_____ ☒ No | Workers Compensation ☐ Yes $ ☒ No |
| Unemployment compensation ☐ Yes $_____ ☒ No | Regular support from |
| Union payments ☐ Yes $_____ ☒ No | absent family members ☐ Yes $_____ ☒ No |
| Retirement/pensions ☐ Yes $_____ ☒ No | Rental income ☐ Yes $_____ ☒ No |
| Trusts ☐ Yes $_____ ☒ No | Dividends or interest ☐ Yes $_____ ☒ No |
| Veterans' benefits ☐ Yes $_____ ☒ No | Other income not on the list ☐ Yes $_____ ☒ No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. **I have other assets:** *(Check "yes" and fill in the value of the property, otherwise check "No")*

| | | |
|---|---|---|
| Cash ☐ Yes $_____ ☒ No | Bank/Savings account ☒ Yes $_40.00_ ☐ No |
| Car/Motor vehicle* ☒ Yes $_1800.00_ ☐ No | Stocks/bonds/cert. of deposit ☐ Yes $_____ ☒ No |
| Money market accounts ☐ Yes $_____ ☒ No | Homestead real estate ☐ Yes $_____ ☒ No |
| Boats/other tangible property* ☐ Yes $_____ ☒ No | Non-homestead real estate* ☐ Yes $_____ ☒ No |
| *show loans on these assets in paragraph 5 | Other assets* ☐ Yes $_____ ☒ No |

**Check one: I** ☐ DO/ ☒ DO NOT expect to receive more assets in the near future. The asset and value is _____

5. **I have total liabilities and debts in the amount of $** _305,000_ . I have loan balances on assets in paragraph 4:
Car/Motor Vehicle $ _4,500_ ; Homestead $ _n/a_ ; Non-homestead real estate $ _n/a_ ; Boat $ _n/a_
Other tangible property (identify here) _n/a_ and loan balance $ _273,000 student loans_

---

**CLERK'S DETERMINATION**

Based on the information in this application, I have determined the applicant to be ☒ Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on _May 15_ , 20 _25_.

PAM CHILDERS
Clerk of the Circuit Court
_____ , Deputy Clerk

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME.** THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision

---

Revised 3/2023

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

**JONATHAN GARRETT GREEN**

      PLAINTIFF,

Vs.

                                         CASE NO:    **2025 CA 000363**

                                         DIVISION:    **N-CIVIL**

 **SOUTHERN POVERTY LAW CENTER**

      DEFENDANT,

**SUMMONS**

**THE STATE OF FLORIDA:**

**To Each Sheriff of the State:**

  **YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **SOUTHERN POVERTY LAW CENTER  ATTENTION: TWLYA WILLIAMS OR BRIDGET MCNAMEE 400 WASHINGTON AVENUE MONTGOMERY, AL 36104**

Each defendant is hereby required to serve written defenses to said complaint on

       plaintiff's attorney(s), whose address is

      **JONATHAN GARRETT GREEN**
      **1616 NORTH REUS STREET**
      **PENSACOLA, FL 32501**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **15th day of May, 2025**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: _____

    Deputy Clerk

\* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

CASUM2053P

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**
**CIVIL DIVISION**

**JONATHAN GARRETT GREEN**

|  |  |
|---|---|
| Plaintiff, | CASE NO.:    **2025 CA 000363** |
| VS. | DIVISION:    **N-CIVIL** |

**SOUTHERN POVERTY LAW CENTER**
     Defendant(s),

### ORDER TO PLAINTIFF REGARDING REQUIRED REPORTING

THIS CAUSE, having come before the Court *sua sponte* upon the filing of this action and pursuant to First Judicial Circuit Administrative Order No. 2024-25, it is hereby,

ORDERED and ADJUDGED that the Plaintiff **shall** complete the following matters:

1. Review and become familiar with First Judicial Circuit Administrative Order No. 2024-25; and

2. Within 5 days of service of the complaint on the last of all named Defendants file a Notice of Final Service ("Notice") with the Court that includes the following:

   a. a statement that the last of all named Defendants to be served has been served;

   b. the date of said service;

   c. a proposal as to whether the case should be designated as complex under Florida Rule  of Civil Procedure 1.201, streamlined, or general as defined in Florida Rule of Civil Procedure 1.200;

   d. a statement as to whether the Defendant concurs in the proposed case designation; and

3. Upon filing the Notice required in paragraph 2, the Plaintiff shall also serve a copy of  the Notice to the **assigned** Judge's judicial assistant via the Proposed Documents function of the ePortal.

   **Failure of the Plaintiff to strictly comply with this Order shall subject the Plaintiff to appropriate sanctions including, but not limited to, the striking of pleadings or dismissal of this action without prejudice.**

**DONE AND ORDERED** in Chambers at Pensacola, Florida this 15th day of May, 2025

/s/ John F. Simon

John F. Simon
ADMINISTRATIVE JUDGE
ESCAMBIA COUNTY

Filing # 227956722 E-Filed 07/24/2025 10:09:58 AM

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR ESCAMBIA COUNTY, FLORIDA
### CIVIL DIVISION


**JONATHAN GARRETT GREEN,**
    **Plaintiff,**

**vs.**

    **Case No.: 2025 CA 000363**
    **Division: N-CIVIL**

**SOUTHERN POVERTY LAW CENTER,**
    **Defendant.**

_____/

### ORDER EXTENDING TIME TO EFFECTUATE SERVICE
### ON DEFENDANT(S), OR DISMISSAL

**THIS CAUSE** having come before the Court upon review of the court file, and the Court being made aware that service of the initial pleading has not been made on the Defendant in this cause pursuant to Fla. R. Civ. P.1.070(j), it is hereby;

**ORDERED AND ADJUDGED**:

    1. Plaintiff shall have sixty (60) days from the date of this order to serve Defendant, **SOUTHERN POVERTY LAW CENTER**.

    2. If Plaintiff is unable to serve Defendant within sixty (60) days from the date of this order, then this case shall be dismissed without prejudice and without further order of the Court.

**DONE AND ORDERED** in Chambers in Pensacola, Escambia County, Florida.

07/24/2025 08:00:03
2025 CA 000363

signed by CIRCUIT COURT JUDGE JENNIFER J FRYDRYCHOWICZ  07/24/2025 08:00:03 nZlxwn7R

_____
**CIRCUIT JUDGE**

**Per Administrative Directive ESCAD2021-03, "In cases wherein one party is unrepresented (pro se), it is the responsibility of the sole attorney in the case to serve within five business days this order or judgment upon any pro se party who does not have access to and is not a registered user of the Florida Courts e-Filing Portal."**

**<u>Attorney for the Plaintiff:</u>**
LEIGHANNE LOCKETT (thelockettfirm@gmail.com)